56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John H. CHAMBERS, Plaintiff - Appellant,
v.
John SIMONET, Undersheriff/Director of Corrections; Frank J.
Oliva, Division Chief/Denver County Sheriff Department; John
Doe (1), Deputy Sheriff, Denver County Sheriff's Department;
John Doe (2), Deputy Sheriff, Denver County Sheriff's
Department, Defendants - Appellees.
 No. 94-1566.
 United States Court of Appeals, Tenth Circuit.
 May 25, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John H. Chambers filed a 42 U.S.C. Sec. 1983 action against officials of the Denver County Sheriff's Department and the Denver County Jail. The district court dismissed before service pursuant to 28 U.S.C. Sec. 1915(d). Chambers appeals on procedural and substantive grounds. We affirm.
 
 
 3
 Under 28 U.S.C. Sec. 1915(d), a court may dismiss an in forma pauperis case "if satisfied that the action is frivolous." This determination may be made "sua sponte before the defendant has even been asked to file an answer." Denton v. Hernadez, 504 U.S. 25, 32 (1992). Liberally construing pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we review a Sec. 1915(d) dismissal for abuse of discretion. Denton at 33.
 
 
 4
 Chambers, a Colorado state prisoner at the Limon Correctional Facility, complains that his van transportation to and from the prison to the Denver County Jail was dangerous and extremely painful in the following respects: The trip was unnecessarily long because of numerous stops; the "cage" benches were hard; his shackles and handcuffs were extremely tight; no safety belts were provided; the cramped "cage" was crowded to capacity at times; all inmates remained handcuffed, shackled, and locked in, thus creating a "death trap" in the event of accident or fire; and the air conditioning was turned off while the drivers stopped to eat and to pick up and drop off various inmates. He also complains that the jail's refusal to issue free shower shoes and a change of socks and underwear exposed him to unsanitary conditions for the week he was held there.[1]
 
 
 5
 Chambers contends that these conditions violated not only the Eighth Amendment's prohibition against cruel and unusual punishment, but also the equal protection clause of the Fourteenth Amendment because counties other than Denver provide safer, more comfortable transportation and jail facilities.
 
 
 6
 For substantially the same reasons set forth in the magistrate judge's recommendations which were adopted by the district court, R. Vol. I, Tabs 8, 9, 15, and 19, we conclude that the described conditions present no arguable basis in law or in fact for finding a violation of the Eighth or Fourteenth Amendments. Accordingly, the court did not abuse its discretion when it dismissed the complaint as frivolous before the defendants were served.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Chambers claims that he was not allowed to bring these items from the prison, although the items could be purchased at the jail canteen. Apparently, in lieu of purchasing these items, he was able to borrow shower shoes from other jail inmates and was able to hand wash his socks and underwear. R. Vol. I, Tab 4 paragraphs 23, 24